UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD BIG EAGLE JR.,<br><br>Defendant. | 3:20-CR-30154-RAL<br>3:21-CR-30061-RAL<br><br><br><br>OPINION AND ORDER DENYING MOTION FOR REDUCTION IN SENTENCE |

On March 14, 2022, this Court sentenced Defendant Donald Big Eagle, Jr. to 42 months of imprisonment in case 20-CR-30154-RAL for assault with a dangerous weapon and a consecutive 8 months of imprisonment in case 21-CR-30061-RAL for assault by striking, beating, or wounding, followed by three years and one year of supervised release respectively to be served concurrently. 20-CR-30154-RAL, Doc. 54; 21-CR-30061-RAL, Doc. 37. A single presentence investigation report addressed both crimes and placed Big Eagle in Criminal History Category III with a guideline range of 41 to 51 months. With the sentences run consecutively, Big Eagle's sentences totaled 50 months.

Big Eagle filed a letter request for reduction in sentence in August of 2024, docketed in both of his cases. 20-CR-30154-RAL, Doc. 56; 21-CR-30061-RAL, Doc. 40. His main complaint is that he believes he is entitled to more credit for days in custody than what he has received. The Bureau of Prison's' inmate locator website shows a projected release date of September 14, 2026.

1

Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (Register No. 13454-073) (last visited Dec. 17, 2024).

Absent an authorizing statute a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The Bureau of Prisons, and not the sentencing judge, calculates sentence credit and release dates.

For starters, Big Eagle is not entitled to a sentence reduction under the recent guideline changes. In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline amendment, emphasizing that U.S.S.G. § 1B1.10 is binding. The Supreme Court required any "reduction [to] be consistent with applicable policy statements issued by the Sentencing Commission" and directed district courts to follow a two-step approach. Id. at 821. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended guidelines range. Id. At step two, § 3582(c)(2) instructs courts to consider applicable 18 U.S.C. § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. Id. at 827. The Supreme Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

Id. at 821 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice

2

sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points. On August 24, 2023, the Commission decided that this change applies retroactively.

When sentenced, Big Eagle had 5 criminal history points and received no "status points." Even with the retroactive change in status points, Big Eagle remains in Criminal History Category III, and his guideline range remains 41 to 51 months. See U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Big Eagle similarly is not eligible for a sentence reduction under Part B of Amendment 821. In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission, effective November 1, 2023, added what now appears in § 4C1.1(a), providing a 2-offense-level reduction for certain offenders who have no criminal history points. The new provision states:

> §4C1.1. Adjustment for Certain Zero-Point Offenders
> (a) ADJUSTMENT.—If the defendant meets all of the following criteria:
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

3

>    (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>    (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

On August 24, 2023, the Sentencing Commission determined that this change would apply retroactively. Big Eagle, however, fails to meet the criteria for such a sentence reduction. Eligibility for a sentence reduction for zero-point offenders requires a person to have arrived at sentencing with zero criminal history points. As explained above, Big Eagle had 5 criminal history points. Thus, he does not qualify for a reduction under U.S.S.G. § 4C1.1.

Big Eagle's letter argues that the Bureau of Prisons should release him sooner because a state court sentence imposed after his federal court sentence ostensibly was to be served concurrently. When this Court sentenced Big Eagle on the assault charges, Big Eagle had pending felony drug charges in both Minnehaha County and Hughes County, South Dakota, as well as felony burglary and grand theft charges in Aurora County, South Dakota. This Court did not acquaint itself with the facts underlying those charges, nor consider whether Big Eagle's federal sentences should be served concurrent with or consecutive to any state court sentence. After all, Big Eagle was to be presumed innocent until proven guilty on the pending state criminal charges, and it is generally for the second sentencing court to determine whether a sentence should be concurrent with or consecutive to a prior sentence because the second sentencing court has greater information, such as what the other sentence in fact was and what the first sentencing judge considered in imposing the sentence. See Setser v. United States, 566 U.S. 231, 242 n.6 (2012) ("Of course, a district court should exercise the power to impose anticipatory consecutive (or concurrent) sentences intelligently. In some situations, a district court may have inadequate

information and may forbear, but in other situations, that will not be the case."). Big Eagle did not submit documentation with his letter to show what occurred with the state-court charges or what sentences he received. Regardless it is for the Bureau of Prisons in the first instance to look at the judgments and calculate the proper release date. See United States v. Wilson, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. . . . Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant."). Therefore, it is

ORDERED that Big Eagle's request for sentence reduction, in 20-CR-30154-RAL, Doc. 56, is denied. It is further

ORDERED that Big Eagle's request for sentence reduction in 21-CR-30061-RAL, Doc. 40, is denied.

DATED this 17th day of December, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE